UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

Plaintiff,

v.

CALIFORNIA CORRECTIONAL PEACE
OFFICERS ASSOCIATION,

Defendant.

Case No. 17-cv-06178-VC (PR)

**ORDER OF DISMISSAL WITH
PREJUDICE**

Plaintiff Steven Wayne Bonilla, a state inmate, has filed a *pro se* civil action against the

California Correctional Peace Officers Association ("CCPOA") under 18 U.S.C. § 4 (whoever

has knowledge of the commission of a felony and conceals it or fails to make it known to a

judicial or law enforcement authority shall be fined or imprisoned). Bonilla asserts that he is

notifying the court that the CCPOA is violating federal antitrust laws because it is a monopoly; it

is also taking part in political campaigns in violation of 5 U.S.C. § 1502 (Hatch Act—prohibiting

government employees from influencing elections). Bonilla also asserts the CCPOA is

responsible for his being illegally imprisoned because it has "financed and promoted judges who

believe that all courts demand that my constitutional right be stripped from me upon conviction,

even if it was fraudulently obtained, and all rights to due process, equal protection of the law and

meaningful access to the court, stops at the prison gates." The Clerk of the Court has designated

this is a civil rights action under 42 U.S.C. § 1983.

Bonilla has been disqualified from proceeding *in forma pauperis* ("IFP") under 28 U.S.C.

§ 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his

complaint. 28 U.S.C. § 1915(g); *In re Steven Bonilla*, No. C 11-3180 CW (PR); *Bonilla v.*

*Dawson*, No. C 13-0951 CW (PR).

The allegations in this complaint do not suggest that Bonilla was in imminent danger at the time of filing. Therefore, Bonilla may not proceed IFP. Moreover, his lawsuit is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Furthermore, there is no private right of action under the Hatch Act, *see Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002) nor is Bonilla a proper plaintiff under the Anti-Trust Act, *see Harry v. Total Gas & Power North America, Inc.*, 244 F. Supp. 3d 402, 419 (S.D. N.Y. 2017). Accordingly, the case is dismissed with prejudice.

Furthermore, this is not a case in which the undersigned judge's impartiality might be reasonably questioned. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reason to recuse himself or herself, judge has a duty to sit in judgment in all cases assigned to that judge).

The Clerk shall close the case. The Clerk shall return, without filing, any further documents Bonilla submits after this case is closed.

**IT IS SO ORDERED.**

Dated: December 13, 2017

_____
VINCE CHHABRIA
United States District Judge